J-S32036-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL FRANK GERBER JR. | : | |
| | : | |
| Appellant | : | No. 1077 EDA 2024 |

Appeal from the Judgment of Sentence Entered April 5, 2024
In the Court of Common Pleas of Carbon County Criminal Division at
No(s): CP-13-CR-00000034-2021

BEFORE: LAZARUS, P.J., STABILE, J., and KING, J.

JUDGMENT ORDER BY KING, J.:                    **FILED SEPTEMBER 26, 2025**

Appellant, Michael Frank Gerber, Jr., appeals from the judgment of sentence entered in the Carbon County Court of Common Pleas, following his guilty plea to driving under the influence of alcohol or a controlled substance ("DUI").[1]  We vacate and remand for resentencing.

The trial court set forth the relevant facts and procedural history of this case as follows:

> On July 31, 2020, [Appellant] was arrested following a traffic stop and was subsequently charged with four counts of [DUI], two counts of possession of a controlled substance, and one count of driving under suspension.  [Appellant] pled guilty to one count of [DUI], impaired ability, under 75 Pa.C.S.A. § 3802(d)(2), as a second offense, a misdemeanor of the first degree.
>
> On April 5, 2024, [Appellant] was sentenced to a period of

_____

[1] 75 Pa.C.S.A. § 3802(d)(2).

imprisonment of not less than ninety days nor more than five years [of imprisonment]. The ninety-day mandatory minimum was imposed under 75 Pa.C.S.A. § 3804(c)(2)(i) because [Appellant] had accepted [Accelerated Rehabilitative Disposition ("ARD")] for a prior DUI in 2016. [Appellant's] prior ARD was considered a prior offense under Section 3806 of the Vehicle Code[.[2]]

\* \* \*

Also on April 5, 2024, following his sentencing, [Appellant] filed a Post-Sentence Motion, raising two issues: (1) for the court to make him eligible for work release and (2) for the court to reconsider and modify his sentence, to treat his conviction as a first offense and not consider his prior ARD as a prior offense, and to defer ruling on this issue for 120 days pending the Pennsylvania Supreme Court's decision in **Commonwealth v. Richards**, [284 A.3d 214 (Pa.Super. 2022) (*en banc*), *appeal granted*, ___ Pa. ___, 294 A.3d 300 (2023)], in which the constitutionality of treating ARD as a prior offense was then before the Supreme Court. By Order dated April 9, 2024, we granted [Appellant's] request to be made eligible for immediate work release, but denied his Motion to the extent it challenged [Appellant's] prior ARD in 2016 as a first offense in the computation of his instant DUI conviction as a second offense.

On April 10, 2024, [Appellant] filed an appeal from the [judgment] of sentence as made final by the denial of his Post-Sentence Motion. In response to our order dated April 10, 2024, directing [Appellant] to file a concise statement of the errors complained of on appeal no later than twenty-one days from the entry of the order (**see** Pa.R.A.P. 1925(b)), [Appellant] timely filed his Concise Statement on April 12, 2024. …

(Trial Court Opinion, filed May 31, 2024, at 1-3) (internal footnote omitted).

On December 2, 2024, this Court initially affirmed Appellant's judgment

---

[2] **See** 75 Pa.C.S.A. § 3806 (including acceptance of ARD as "prior offense" for purposes of DUI sentencing statute).

of sentence. *See Commonwealth v. Gerber*, No. 1077 EDA 2024 (Pa.Super. filed Dec. 2, 2024) (unpublished memorandum). Nevertheless, on August 19, 2025, the Supreme Court granted Appellant's petition for allowance of appeal and vacated and remanded the matter to this Court for reconsideration in light of *Commonwealth v. Shifflett*, ___ Pa. ___, 335 A.3d 1158 (2025). *See Commonwealth v. Gerber*, No. 668 MAL 2024 (Pa. Aug. 19, 2025) (*per curiam*).[3]

In *Shifflett*, our Supreme Court held that a defendant's prior acceptance of ARD is a fact that must be submitted to a jury pursuant to the United States Supreme Court's decisions in *Alleyne v. United States*, 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013) and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000):

> In sum, because acceptance into an ARD program does not offer a defendant any of the constitutional safeguards that accompany either a criminal conviction or a guilty plea proceeding, safeguards on which the Supreme Court's recognition of a prior conviction exception in *Apprendi* and *Alleyne* was based, we conclude that a defendant's previous acceptance of ARD, on its own, does not fall within the prior conviction exception contemplated in *Apprendi* and *Alleyne*. Thus, an individual's previous acceptance of ARD, which, when construed as a prior offense under Section 3806 to increase the penalty for a subsequent conviction pursuant to Section 3804, is a fact that must be submitted to a jury and proven beyond a reasonable doubt.

---

[3] On August 19, 2025, the Supreme Court also vacated and remanded this Court's decision in *Richards, supra* to this Court for reconsideration in light of *Shifflett*. *See Commonwealth v. Richards*, No. 25 MAP 2023 (Pa. filed Aug. 19, 2025) (*per curiam*).

***Shifflett, supra*** at \_\_\_, 335 A.3d at 1175.

Based upon the express holding in ***Shifflett***, the trial court erred in sentencing Appellant as a second-time offender for the current DUI offense based on Appellant's prior acceptance of ARD. Our Supreme Court has expressly determined that an individual's previous acceptance of ARD is a fact that must be proven beyond a reasonable doubt for enhanced statutory penalties to apply. Accordingly, we vacate and remand for resentencing.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction is relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/26/2025